UNITED STATES of America

v.

David ZAGAMI, Appellant.

No. 08–3846.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a), Jan. 25, 2010.

Opinion filed: March 19, 2010.

Mark S. Miller, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Michael J. Engle, Esq., Trigiani & Engle, Philadelphia, PA, for Appellant.

David L. Zagami, Inez, KY, pro se.

Before: FUENTES and FISHER, Circuit Judges, and CONNER, District Judge.[1]

1. Honorable Christopher C. Conner, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

## OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant David L. Zagami's attorney has filed a brief requesting to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellant has received notice of his attorney's motion, but has not filed a brief in opposition to counsel's *Anders* brief. We find that no nonfrivolous issues for appeal exist, and as such, we affirm the District Court's sentence and grant counsel's *Anders* brief to withdraw from the representation.

### I.

Because we write for the parties, we discuss only the facts relevant to our conclusion. In August 2004, Appellant was charged with one count of interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312, one count of conspiracy to transport a stolen vehicle in violation of 18 U.S.C. § 371, and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Following the entry of Zagami's guilty plea on all counts, he was sentenced to forty months' imprisonment and three years of supervised release. On or about April 17, 2007, Zagami was transferred to the Kintock Group Community Corrections Center ("KGCCC") in Philadelphia, Pennsylvania. On June 30, 2007, Zagami escaped from KGCCC and was not located until he surrendered to authorities on July 9, 2007.

Zagami was charged with escape, in violation of 18 U.S.C. § 751(a). He pled guilty to the aforementioned charge. Pursuant to the plea agreement entered into by Zagami and the Government, Zagami agreed to waive his right to appeal, so long as his sentence did not exceed the statutory maximum and so long as the District Court did not depart upward from the Sentencing Guidelines range. Prior to the entry of the plea agreement, the Government and Zagami agreed that the applicable range of imprisonment was between fifteen and twenty-one months. He was sentenced to twenty-one months' imprisonment followed by three years of supervised release for the escape charge.

### II.

The District Court exercised jurisdiction over this case pursuant to 18 U.S.C. § 3231, and this Court possesses jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

In *Anders,* 386 U.S. at 744, 87 S.Ct. 1396, the Supreme Court held that appointed counsel who conscientiously believes that there are no nonfrivolous grounds for an appeal must request permission to withdraw from the representation and submit a brief outlining any possible nonfrivolous arguments in support of the appeal. Counsel's affirmative duties when submitting an *Anders* brief are "to satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and "to explain why the issues are frivolous." *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001) (citing *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000)).

Thus, our analysis for an *Anders* brief is twofold. First, we must consider "whether counsel adequately fulfilled the rule's requirements, and [second], whether an independent review of the record presents any nonfrivolous issues." *Youla,* 241 F.3d. at 300. The latter inquiry is curtailed, however, "[w]here the *Anders* brief initially appears adequate on its face." *Id.* at 301. In such cases, "the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself." *Id.* (quotation marks and citation omitted).

The instant brief appears adequate on its face. Zagami's counsel identifies three possible issues for appeal: 1) whether the District Court erred in considering the Government's recommendation that it impose a sentence at the upper end of the Guidelines range; 2) whether the District Court erred in allowing a United States Attorney, who had previously prosecuted Appellant in a separate matter, to prosecute Appellant again; and 3) whether the District Judge presiding over Appellant's case abused his discretion in failing to recuse himself in light of Appellant's assertions that the Judge had previously presided over an unrelated criminal matter involving Appellant. Zagami filed no pro se brief and has not drawn our attention to any additional issues. We therefore turn to the three matters raised in the *Anders* brief.

A. *Impropriety of Appellant's Sentence*

■ The first issue identified by Zagami's attorney is whether the Government was inappropriate and vindictive in arguing at sentencing that Zagami should be sentenced at the upper end of the Guidelines range. We agree with Zagami's attorney that this claim is frivolous. "[A] prosecutor may prosecute with earnestness and vigor—indeed, he should do so." *United States v. Morena,* 547 F.3d 191, 193 (3d Cir.2008) (quotations and citation omitted). It was not prosecutorial misconduct for the Government to have argued in favor of a Guidelines-range sentence. *See id.* at 194 (to rise to the level of prosecutorial misconduct, action must infect the proceedings with unfairness). The arguments raised by the Government, and the facts relied upon by the District Court in imposing the sentence, focused appropriately on the relevant 18 U.S.C. § 3553(a) considerations, including Zagami's lengthy criminal history; his history of recidivism toward the same offenses, including escape; and

the need to impose a sentence that promotes respect for the law. We therefore agree with Zagami's appellate counsel that this issue is frivolous.

B. *Disqualification of the Assistant United States Attorney*

■ The second issue identified by Zagami's attorney in his *Anders* brief is whether the fact that the Assistant United States Attorney handling the matter had previously prosecuted Zagami in an unrelated matter created a conflict of interest requiring the prosecutor's disqualification. We agree with Zagami's counsel that this issue is frivolous. Instances in which the courts have found it necessary to disqualify a particular United States Attorney are rare. As a District Court in our Circuit explained:

> The disqualification of Government counsel is a "drastic measure and a court should hesitate to impose it except where necessary." *United States v. Bolden,* 353 F.3d 870, 878 (10th Cir.2003) (citing *Bullock v. Carver,* 910 F.Supp. 551, 559 (D.Utah 1995)). Accordingly, Courts have allowed disqualification of government counsel only in limited circumstances. *See, e.g., Young v. United States,* 481 U.S. 787, 807, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987) (actual conflict of interest because appointed prosecutor also represented another party); *United States v. Heldt,* 668 F.2d 1238, 1275 (D.C.Cir.1981) (bona fide allegations of bad faith performance of official duties by government counsel in a civil case); *United States v. Prantil,* 764 F.2d 548, 552–53 (9th Cir.1985) (prosecutor who will act as a witness at trial).

*United States v. Vega,* 317 F.Supp.2d 599, 602 (D.Vi.2004) (serial citation omitted). The Assistant United States Attorney in this case merely prosecuted Zagami for a prior, unrelated offense. There is no au-

thority to suggest that a prosecutor must disqualify himself under such circumstances, and we thus agree with Zagami's counsel that this issue is frivolous.

### C. *Recusal of the District Court Judge*

■ Finally, Zagami contends that the District Judge had presided over a prior criminal case and had "permitted that case [to] go forward ... [k]nowing that there was no substantial evidence ... [and] [u]nder a new [j]udge[,] the unsubstantiated charges that [h]e permitted were dropped." (App. 2). Again, Zagami's counsel is correct that this argument is frivolous. The Supreme Court has held that it is not improper for a judge to hear multiple cases involving the same defendant—"[i]t has long been regarded as normal and proper for a judge to ... sit in successive trials involving the same defendant." *Liteky v. United States,* 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). There is no suggestion from the record that the two cases were related in any way, and we see nothing improper about the District Judge presiding over successive criminal matters involving the same defendant. Zagami's counsel is correct that the District Judge did not abuse his discretion, and we therefore conclude that the final issue identified in counsel's *Anders* brief is frivolous.

### III.

For the foregoing reasons, we agree with counsel that no nonfrivolous issues for appeal exist in this case. Accordingly, we affirm the District Court's judgment of conviction and sentence and grant counsel's motion to withdraw.