**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

WEI LIN,
*Defendant-Appellant.*

No. 15-10152

D.C. No.
1:12-cr-00012-RVM-1

OPINION

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief Judge, Presiding

Argued and Submitted October 18, 2016
Honolulu, Hawaii

Filed November 14, 2016

Before: J. Clifford Wallace, Jerome Farris,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Farris

## SUMMARY[*]

### Criminal Law

The panel vacated a sentence and remanded for resentencing in a case in which the defendant pled guilty to conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c), which carries no mandatory minimum.

The panel held that common sense, the plain language of the Sentencing Guidelines, and the Sentencing Commission's commentary, all show that U.S.S.G. § 2G1.1(a)(1), which provides that the offense level for sex trafficking is 34 "if the offense of conviction is 18 U.S.C. § 1591(b)(1)," only applies to defendants who are subject to the fifteen-year mandatory minimum under 18 U.S.C. § 1591(b)(1). Because the defendant was not subject to § 1591(b)(1)'s mandatory minimum, the panel concluded that the district court erred in applying the base level of 34 set forth in § 2G1.1(a)(1), rather than the base offense level of 14, set forth in U.S.S.G. § 2G1.1(a)(2).

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Bruce Berline (argued), Saipan, Commonwealth of the Northern Mariana Islands, for Defendant-Appellant.

Garth R. Backe (argued), Assistant United States Attorney; Alicia A.G. Limtiaco, United States Attorney; United States Attorney's Office, Saipan, Commonwealth of the Northern Mariana Islands; for Plaintiff-Appellee.

**OPINION**

FARRIS, Senior Circuit Judge:

Defendant Wei Lin was charged with conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c), and several counts of sex trafficking, in violation of 18 U.S.C. § 1591(a). Lin pled guilty to the conspiracy count, which carried no mandatory minimum. *See* 18 U.S.C. § 1594(c). In exchange, the substantive sex trafficking offenses, which carried fifteen-year mandatory minimums, were dismissed. *See* 15 U.S.C. § 1591(b)(1). After the district court made it clear that the base offense level for Lin's crime would be 34, Lin moved to withdraw his guilty plea, based on his attorney's erroneous advice that his base offense level would be 14. The district court denied Lin's motion, and sentenced Lin to 235 months in prison. Lin now appeals, and argues that: (1) the district court erred in determining his base offense level; (2) if the district court correctly determined his base offense level, then the court erred in denying his motion to withdraw his guilty plea; and (3) the district court imposed a substantively unreasonable sentence. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 1294 and 48 U.S.C. §§ 1821,

1824.  We hold that the district court erred in calculating Lin's base offense level, and we reverse, vacate Lin's sentence, and remand for re-sentencing.[1]

We review the district court's interpretation of the sentencing guidelines de novo.  *United States v. Rivera*, 527 F.3d 891, 908 (9th Cir. 2008).

The base offense level for a conspiracy to commit sex trafficking is the same as the base offense level for the underlying substantive sex trafficking crime.  *See* U.S.S.G. § 2X1.1(a).  The base offense level for sex trafficking is 34 "if the offense of conviction is 18 U.S.C. § 1591(b)(1)." U.S.S.G. § 2G1.1(a)(1).  Otherwise, the base offense level is 14.  U.S.S.G. § 2G1.1(a)(2).

18 U.S.C. § 1591(b)(1) is not a separate offense.  *See United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2009). 18 U.S.C. § 1591(a) describes the offense of sex trafficking, and § 1591(b) describes the different penalties applicable to convictions under § 1591(a).  *Id.*  18 U.S.C. § 1591(b)(1) imposes a fifteen-year mandatory minimum if the offense involved minors under the age of fourteen, or force, threats of force, fraud or coercion.  Lin's underlying substantive sex trafficking offense involved fraud or coercion, but the mandatory minimum in 18 U.S.C. § 1591(b)(1) does not apply to conspiracy to commit sex trafficking, *see* 18 U.S.C.

---

[1] This decision makes Lin's guilty plea withdrawal argument moot, since Lin only wanted to withdraw his guilty plea because his base offense level was set at 34.  We need not reach Lin's substantive unreasonableness argument, since we vacate his sentence based on the base offense level error.

§ 1594(c), so Lin was not subject to the fifteen-year mandatory minimum.

According to Lin's plea agreement and judgment, Lin was convicted of violating 18 U.S.C. § 1594(c). The substantive offense underlying his conspiracy conviction was 18 U.S.C. § 1591(a). The plea agreement and judgment do not mention 18 U.S.C. § 1591(b)(1). Nevertheless, the district court found that, for purposes of determining his base offense level, Lin's underlying offense of conviction was 18 U.S.C. § 1591(b)(1), because the conduct involved in the underlying substantive offense would have been punished under § 1591(b)(1) if Lin had been convicted of the substantive offense. We disagree.

The most straightforward interpretation of U.S.S.G. § 2G1.1(a)(1) is that a base offense level of 34 applies only when the defendant is actually convicted of an offense subject to the punishment provided in 18 U.S.C. § 1591(b)(1). However, the district court rejected this interpretation of U.S.S.G. § 2G1.1(a)(1). The district court reasoned that because 18 U.S.C. § 1591(b)(1) is not a separate offense, no one can ever be convicted of violating 18 U.S.C. § 1591(b)(1). *See Todd*, 627 F.3d at 334. In order for U.S.S.G. § 2G1.1(a)(1) to have any meaning, then, it must require something other than a conviction for violating 18 U.S.C. § 1591(b)(1).

The district court then found that Lin's "offense of conviction" should be determined by looking at his offense conduct. Since Lin's underlying substantive offense was a violation of 18 U.S.C. § 1591(a) by means of fraud or coercion, and since § 1591(b)(1) punishes violations of § 1591(a) that are committed by means of fraud or coercion,

the district court concluded that Lin's offense of conviction
was 18 U.S.C. § 1591(b)(1).

The district court stated that this interpretation was
consistent with the definition of "offense of conviction"
found in U.S.S.G. § 1B1.2(a). But U.S.S.G. § 1B1.2(a) does
not give a general definition for the term "offense of
conviction" to be applied throughout the guidelines. Instead,
it merely instructs courts on what "offense of conviction"
means when "[d]etermin[ing] the offense guideline section
. . . applicable to the offense of conviction." U.S.S.G.
§ 1B1.2(a). In this context, a conduct-based definition makes
perfect sense. Offense guideline sections are not named with
reference to specific statutes, although Appendix A to the
Sentencing Guidelines provides an index matching certain
statutes to their corresponding guideline sections. When
trying to determine which guideline sections apply to which
crimes, a court must naturally look at the offense conduct of
the crime. For example, in determining which offense
guideline applies to a 18 U.S.C. § 1591(a) conviction, a court
must necessarily look at the offense conduct involved,
because there is no offense guideline named "18 U.S.C.
§ 1591(a)."

However, the situation at hand is much different. Here,
a simple matching exercise *can* be done to determine if the
offense of conviction is 18 U.S.C. § 1591(b)(1) – simply by
looking at the judgment. This is not a situation where we
must translate from state statutes to federal statutes, or from
plain English names of crimes to federal statutes. We are
translating from federal statutes to federal statutes. It seems
tortured to say that, when we know what *federal statutes* the
defendant was convicted of, and we are asked to determine if
the defendant's offense of conviction was a specific *federal*

*statute*, we should break those statutes down into their offense conduct and then compare that conduct, as opposed to simply comparing the federal statutes that we have on both sides of the equation.

With regards to the argument that 18 U.S.C. § 1591(b)(1) describes a punishment, and not an offense, there is a much simpler answer than the one given by the district court. To determine if 18 U.S.C. § 1591(b)(1) is the offense of conviction, courts should simply ask if the defendant was convicted of an offense subject to the punishment provided in 18 U.S.C. § 1591(b)(1) – that is, was the defendant subject to the statute's fifteen-year mandatory minimum sentence. This solution is not only simple, and as close to a literal reading of U.S.S.G. § 2G1.1(a)(1) as possible without rendering the guideline meaningless, it is also most likely what the Sentencing Commission intended.

First, it is unlikely that the Sentencing Commission intended an offense conduct comparison, because the Sentencing Commission knew how to require such a comparison explicitly, and did not do so. For example, later in the same guideline section, U.S.S.G. § 2G1.1(c)(1) directs courts to apply another guideline "[i]f the offense involved conduct described in 18 U.S.C. § 2241(a) . . ." If the Sentencing Commission wanted § 2G1.1(a)(1) to apply whenever the defendant's offense involved conduct described in 18 U.S.C. § 1591(b)(1), the Commission would have used the same language in § 2G1.1(a)(1) as it used in § 2G1.1(c)(1). The Commission's choice not to use that language indicates that it was not their intention to require an offense conduct comparison.

Second, the Commission likely intended § 2G1.1(a)(1) to apply only when the defendant received a fifteen-year mandatory minimum sentence, because the higher base offense level in § 2G1.1(a)(1) was created in direct response to Congress's creation of the fifteen-year mandatory minimum. *See United States Sentencing Commission, Ame ndments to the Sentencing Guidelines 27 (2007) available at http://www.ussc.gov/Legal/Amendments/Official_Text/ 20070501_Amendments.pdf* ("[T]he Adam Walsh Act added a new mandatory minimum . . . of 15 years under 18 U.S.C. § 1591(b)(1) . . . In response, the amendment provides a new base offense level of 34 . . . if the offense of conviction is 18 U.S.C. § 1591(b)(1), but retains a base offense level of 14 for all other offenses."). The Commission therefore likely did not want the higher base offense level to apply when the defendant was not subject to § 1591(b)(1)'s fifteen-year mandatory minimum.

In sum, common sense, the plain language of the guidelines, and the Sentencing Commission's commentary, all show that U.S.S.G. § 2G1.1(a)(1) only applies to defendants who are subject to a fifteen-year mandatory minimum sentence under 18 U.S.C. § 1591(b)(1). Since Lin was not subject to 18 U.S.C. § 1591(b)(1)'s mandatory minimum, the district court erred in applying § 2G1.1(a)(1) to Lin. This error was not harmless. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030–31 (9th Cir. 2011). We therefore reverse the district court's base offense level determination, vacate Lin's sentence, and remand for re-sentencing.

**REVERSED, VACATED, and REMANDED.**