PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1172
_____

UNITED STATES OF AMERICA

v.

JAMIELL SIMS a/k/a "Millz",
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-15-cr-00214-008)
District Judge: Honorable Malachy E. Mannion
_____

Argued September 11, 2019

Before: HARDIMAN, GREENAWAY, JR., and BIBAS,
*Circuit Judges*.

(Filed: April 24, 2020)

Enid W. Harris [Argued]
Park Office Building
400 Third Ave., Suite 111
Kingston, PA 18704

     *Attorney for Appellant*

David J. Freed
Francis P. Sempa [Argued]
Office of the United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18503

     *Attorney for Appellee*

_____

OPINION OF THE COURT
_____


HARDIMAN, *Circuit Judge*.

     This appeal presents a legal question arising under the United States Sentencing Guidelines: What is the base offense level for conspiracy to commit sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1594(c)? We hold that level 34 applies.

I

Between 2011 and 2014, Appellant Jamiell Sims was a member of the "Black P-Stones," an interstate gang that trafficked drugs and women. In his capacity as a "respect[ed]" member of the gang, Sims prostituted women online and provided them security while they worked. App. 73. He also collected money from the women and supplied them with drugs. Sims and his fellow gang members used force and coercion to trap women in a vicious cycle of drug addiction and prostitution.

Sims eventually pleaded guilty to, *inter alia*, one count of conspiracy to commit sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1594(c). In its Presentence Investigation Report, the Probation Office assigned Sims a base offense level of 34 for the conspiracy offense. The Government agreed with that calculation, but Sims requested a base offense level of 14, which the Court of Appeals for the Ninth Circuit had applied to the same crime in the case of *United States v. Wei Lin*, 841 F.3d 823 (9th Cir. 2016).

The District Court agreed with the Government and the Probation Office, opining that the Ninth Circuit's decision in *Wei Lin* "defies the written words of the Guidelines. It defies logic." App. 32. According to the District Court, when a conspiracy offense (like Sims's conviction under 18 U.S.C. § 1594(c)) is not covered by a specific section of the Sentencing Guidelines, then § 2X1.1 of the Guidelines applies. That section requires courts to apply the base offense level for the *substantive offense underlying the conspiracy*. U.S.S.G. § 2X1.1(a). And because the substantive offenses underlying Sims's conspiracy conviction were 18 U.S.C. § 1591(a) and (b)(1), Guidelines § 2G1.1(a)(1) mandated a base offense level

3

of 34. When the District Court combined that base offense level (after some adjustments not at issue here) with Sims's criminal history category of IV, his advisory Guidelines range was 151–188 months' imprisonment. The District Court imposed a sentence at the bottom of the Guidelines range and Sims filed this timely appeal.[1]

## II

### A

The Sentencing Guidelines explicitly provide base offense levels for many federal crimes. But some crimes—including the conspiracy at issue in this appeal—have not been directly assigned a base offense level. For conspiracy offenses not covered by a specific guideline, sentencing judges must use the following progression to calculate the base offense level.

At first, the judge turns to Guidelines § 1B1.2, which explains: "[i]f the offense involved a conspiracy, attempt, or solicitation, refer to §2X1.1 (Attempt, Solicitation, or Conspiracy) as well as the guideline referenced in the Statutory Index for the substantive offense." U.S.S.G. § 1B1.2(a) & cmt. n.1. Conspiracy under § 1594(c) is not covered by a specific guideline in the Statutory Index, so courts must follow § 2X1.1 to determine the appropriate base offense level. *See United States v. Boney*, 769 F.3d 153, 162–63 (3d Cir. 2014).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's interpretation of the Guidelines de novo. *United States v. Aquino*, 555 F.3d 124, 127 (3d Cir. 2009).

Section 2X1.1(a), in turn, directs courts to apply "[t]he base offense level from the guideline for the substantive offense." U.S.S.G. § 2X1.1(a); *United States v. Wright*, 642 F.3d 148, 151 n.2 (3d Cir. 2011).

After determining the substantive offense underlying the conspiracy, the judge must apply the base offense level associated therewith. In this appeal, Sims pleaded guilty to violating § 1594(c) by conspiring to violate § 1591(a) and (b)(1). Guidelines § 2G1.1(a) applies to violations of those substantive offenses and provides for a base offense level of 34 if the "offense of conviction" is § 1591(b)(1) or 14 "otherwise." U.S.S.G. § 2G1.1(a)(1)–(2). The base offense level of 34 for the substantive offense therefore applies to Sims's conviction under § 1594(c).

B

Sims's heavy reliance on *Wei Lin* does not alter our conclusion. There, the Ninth Circuit interpreted § 2G1.1(a)(1)'s reference to a defendant's "offense of conviction" to mean that a base offense level of 34 applies only to defendants "actually *convicted* of an offense subject to the punishment provided in 18 U.S.C. § 1591(b)(1)." *Wei Lin*, 841 F.3d at 826 (emphasis added). The court emphasized that Wei Lin's plea agreement and judgment did not mention § 1591(b)(1). *Id.* at 825. Instead, he pleaded guilty to violating § 1594(c) with the underlying substantive offense being § 1591(a). *Id.* But Sims pleaded guilty to conspiring to violate both § 1591(a) and (b)(1), so his reliance on that portion of *Wei Lin* is misplaced.

Moreover, following the Ninth Circuit's *Wei Lin* opinion would lead to absurd results. Consider the following example.

5

A defendant convicted of a *substantive* sex trafficking offense involving force, fraud, or coercion in the Ninth Circuit will receive a base offense level of 34, while a defendant convicted of a substantive labor trafficking offense will receive a base offense level of 22. *Compare* U.S.S.G. § 2G1.1(a)(1), *with* U.S.S.G. § 2H4.1(a)(1). This is unsurprising because sex trafficking is an especially pernicious form of labor trafficking. Yet a defendant convicted of a sex trafficking *conspiracy* in the Ninth Circuit will receive a base offense level of just 14 while a defendant convicted of a labor trafficking conspiracy will still receive a base offense level of 22. *Compare* U.S.S.G. § 2G1.1(a)(2), *with* U.S.S.G. § 2H4.1(a)(1). For defendants with a criminal history category of I, it would mean an advisory imprisonment range of only 15 to 21 months for *a sex trafficking conspiracy* but an advisory imprisonment range of 41 to 51 months for *a labor trafficking conspiracy*. And for someone like Sims—whose criminal history was IV—it would mean an advisory imprisonment range of only 27 to 33 months instead of a range of 63 to 78 months.

This incongruity is further revealed when one considers facts common to cases involving violations of § 1594(c). This case is a prime example. Sims contributed to the forced prostitution, abuse, and drug addiction of numerous young women. He was a "respect[ed]" member of a gang that "sexed" women into its employ by forcing them to have sex with a succession of gang members and accepts men into the gang only after they endure a twenty-one-second beating from five others. App. 69, 73. Given these facts, we are unpersuaded by Sims's reliance on *Wei Lin* and think it inconceivable that the Sentencing Commission designed a system that would recommend punishing forced labor conspiracies more than twice as harshly as forced sex-labor conspiracies.

6

## III

Sims disagrees with the District Court's finding that his base offense level was 34 by reverting to the fact that he was convicted of violating 18 U.S.C. § 1594(c). He argues that applying a base offense level of 34 is contrary to the plain language of § 2G1.1. This approach fails for several reasons.

*First*, § 2G1.1 cannot be interpreted in isolation. When that section is considered in context, it's clear that applying anything other than a base offense level of 34 would contravene the Guidelines progression as a whole. Sims was convicted of conspiring to commit the offenses in § 1591(a) and (b)(1). So the base offense level in Guidelines § 2G1.1(a)(1) applies because that section specifically references convictions under § 1591(b)(1). *See* U.S.S.G. § 2X1.1, cmt. n. 2 ("Under §2X1.1(a), the base offense level will be the same as that for the substantive offense."). Section 2X1.1 does not—as Sims's approach suggests—instruct courts to apply the "Guidelines section" for the substantive offense. Instead, it requires courts to apply the "base offense level" for the substantive offense. U.S.S.G. § 2X1.1(a). The "base offense level" applicable to the substantive offenses underlying Sims's conviction is 34. U.S.S.G. § 2G1.1(a)(1). So the base offense level for Sims's conspiracy conviction under § 1594(c) is likewise 34.

*Second*, Sims argues that § 2G1.1(a)(1) is not the proper Guidelines subsection because § 1591(b)(1) "was never specifically indicated as the object of the conspiracy." Sims Br. 10. The record states otherwise. Sims pleaded guilty to conspiring with others "knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause [several victims] to engage in a commercial

7

sex act, in violation of 18 U.S.C. Section 1591(a) and (b)(1)." Supp. App. 10–11.

*Third*, Sims's approach fails to recognize that § 1591(b)(1) is not a standalone offense; rather, it's the punishment for violating § 1591(a) "if the offense was effected by means of force, threats of force, fraud, or coercion." 18 U.S.C. § 1591(b)(1). As one district court astutely noted, "[i]f the Court interpreted 'offense of conviction' [in Guidelines § 2G1.1] literally, a base offense level of 34 would never be proper because the offense of conviction would always be 18 U.S.C. § 1591(a), not (b)(1)." *United States v. Yanchun Li*, 2013 WL 638601, at *2 (D. N. Mar. I. 2013) (citing *United States v. Todd,* 627 F.3d 329, 334 (9th Cir. 2010) ("Section (b) . . . does not create a new crime. It specifies the penalties for each of the crimes set out in (a).")).[2]

*Finally*, the Guidelines definition also supports our conclusion. "Offense of conviction" is defined as "the offense conduct charged in the count of the indictment or information of which the defendant was convicted." U.S.S.G. § 1B1.2(a). True, *Wei Lin* did not read § 1B1.2(a) as a "general definition." 841 F.3d at 826. But we presume that the Sentencing Commission intended the phrase "offense of conviction" to mean the same thing throughout the Guidelines. *See, e.g.*, *Pereira v. Sessions*, 138 S. Ct. 2105, 2115 (2018);

---

[2] Even if Sims had pleaded guilty only to conspiring to violate § 1591(a), § 2G1.1(a)(1) still would apply. Subsections 1591(a) and (b)(1) are inextricably linked because (b)(1) is the punishment for violations of (a)(1). So convictions under § 1594(c) for conspiracy to violate § 1591(a) by means of force, threats of force, fraud, or coercion always subject a defendant to a base offense level of 34.

*United States v. Gregory*, 345 F.3d 225, 229 n.2 (3d Cir. 2003) (applying the presumption of consistent usage when interpreting the Sentencing Guidelines); *see also United States v. Murillo*, 933 F.2d 195, 199 (3d Cir. 1991) (holding that the phrases "the offense," "offense of conviction," and "instant offense" in the Sentencing Guidelines encompass "all conduct in furtherance of the offense of conviction").

The count of the Second Superseding Indictment to which Sims pleaded guilty charged him with conspiring with others to use "force, threats of force, fraud, and coercion" to cause numerous young women "to engage in a commercial sex act." Supp. App. 10–11. And the relevant conduct in § 1591(b)(1) is sex trafficking through "means of force, threats of force, fraud, or coercion[,] . . . or [] any combination of such means." Sims's offense conduct is identical to that proscribed conduct in § 1591(b)(1). So the appropriate base offense level for his conspiracy conviction is 34.

\*　　\*　　\*

We agree with the District Court's Guidelines calculation. Conspiracy convictions under 18 U.S.C. § 1594(c) require the sentencing court to determine the base offense level for the substantive offense. Sims conspired to violate 18 U.S.C. § 1591(a) and (b)(1), so his base offense level was 34 under the applicable Guideline (§ 2G1.1). We will affirm Sims's judgment of sentence.