**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2483
_____

UNITED STATES OF AMERICA

v.

JOSHUA GUITY-NUNEZ, a/k/a "V"

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1:17-CR-0002-5)
Honorable Sylvia H. Rambo, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 14, 2021

Before: GREENAWAY, JR., KRAUSE, and PHIPPS, *Circuit Judges*

(Filed: December 20, 2021)

_____

**OPINION**[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Joshua Guity-Nunez appeals his sentence of 180-months' imprisonment following his guilty plea for conspiracy to commit sex trafficking by force, threats of force, fraud, or coercion in violation of 18 U.S.C. § 1594(c). We discern no error and will affirm.

## I.     DISCUSSION[1]

The base offense level for a conspiracy crime is the same as the "guideline for [its] substantive offense" when it has "not been directly assigned" a level under the Sentencing Guidelines. *United States v. Sims*, 957 F.3d 362, 363 (3d Cir. 2020); *see* U.S.S.G. § 2X1.1. As a result, two base offense levels are potentially applicable to a conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1591(a): When the trafficking that is the object of the conspiracy involves minor victims or "force, threats of force, fraud, or coercion," 18 U.S.C. § 1591(b)(1), the conspiracy, like the substantive offense, carries a base offense level of 34; otherwise, consistent with the other types of

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's interpretation of the Sentencing Guidelines *de novo*, its factual findings for clear error, and its application of the Guidelines to those facts for abuse of discretion. *See United States v. Seibert*, 971 F.3d 396, 399 (3d Cir. 2020). We review the substantive reasonableness of the District Court's sentence for abuse of discretion. *Id.*

sex trafficking covered by 18 U.S.C. § 1591(b)(2), it carries an offense level of 14. *See* U.S.S.G. § 2G1.1; *see also Sims*, 957 F.3d at 363.

Here, because Guity-Nunez's plea agreement and plea colloquy both described the object of the conspiracy as "sex trafficking through use of *force, fraud, and coercion*," App. 175 (emphasis added), the Court applied a base offense level of 34. And because the conspiracy involved minor victims, the Court added a two-point upward adjustment, pursuant to U.S.S.G. § 2G1.3(b)(2)(B), App. 174, for "unduly influenc[ing] a minor to engage in prohibited sexual conduct," U.S.S.G. § 2G1.3(b)(2)(B). Guity-Nunez challenges the resulting sentence on three grounds, none of which is persuasive.

First, Guity-Nunez contends that, because his indictment and plea agreement did not specify whether his conspiracy offense was punishable under § 1591(b)(1) or § 1591(b)(2), the Court should have applied the lower base offense level of 14, corresponding with § 1591(b)(2). But this argument is squarely foreclosed by our decision in *Sims*, where we explained that, even if a defendant convicted under § 1594(c) pleads guilty "only to conspiring to violate § 1591(a)," the base offense would still be 34 because "[s]ubsections 1591(a) and (b)(1) are inextricably linked." *Sims*, 957 F.3d at 365 n.2. As a result, "convictions under § 1594(c) for conspiracy to violate § 1591(a) by means of force, threats of force, fraud, or coercion"—like Guity-Nunez's conviction here— "*always* subject a defendant to a base offense level of 34." *Id.* (emphasis added).

3

Next, Guity-Nunez disputes the District Court's imposition of the two-level upward adjustment under Section 2G1.3(b)(2)(B). The Court justified this enhancement based on its finding that two of the victims attributable to Guity-Nunez were juveniles and that it was reasonably foreseeable for some victims of a large sex trafficking conspiracy to be underage. App. 164-65, 174. Those findings are amply supported by the record, which includes evidence that Guity-Nunez was arrested immediately after leaving a motel where police had arranged a sting operation with the two minor victims, *see* App. 48, 113, and testimony from the trial of one of his co-conspirators reflecting that the group worked together to traffic the minor victims, *see* App. 454, 655-660, 680. Thus, while "the conduct a defendant is typically held responsible for under the guidelines 'is not coextensive with conspiracy law,'" *United States v. Metro*, 882 F.3d 431, 439 (3d Cir. 2018) (quoting *United States v. Mannino*, 212 F.3d 835, 842 (3d Cir. 2000)), the District Court's findings here were not clearly erroneous, nor was its application of the two-level enhancement an abuse of discretion.

Finally, Guity-Nunez argues that he received an unfair sentence in comparison to his co-conspirators and suggests that he was unjustly penalized for refusing to cooperate in the Government's investigation. As he points out, apart from one co-conspirator who went to trial and received a sentence of 300 months, Guity-Nunez's 180-month sentence was longer than the other conspirators, who received 140 months, 135 months, and 72 months. But that disparity is not unreasonable on its face, and there is no evidence that the Government sought to penalize Guity-Nunez for declining to cooperate. To the

4

contrary, the prosecutor advocated for a substantial downward variance from the Guidelines range, which the Court granted by imposing a sentence 40% below the range's lower bound. App. 178-81. Under these circumstances, Guity-Nunez cannot show that "no reasonable sentencing court would have imposed the same sentence . . . for the reasons the district court provided." *Seibert*, 971 F.3d at 399 (quoting *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc)).

## II.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.