**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2460
_____

UNITED STATES OF AMERICA

v.

RANDAL WISE,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:20-cr-00102-001)
District Judge: Honorable Michael A. Shipp
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 24, 2025

Before: BIBAS, PHIPPS, and AMBRO, *Circuit Judges*

(Filed: April 22, 2025)

David E. Schafer
Suite 207
2273 State Highway 33
Trenton, NJ 08690

*Counsel for Appellant*

Mark E. Coyne
UNITED STATES ATTORNEY'S OFFICE
970 Broad Street
Room 700
Newark, NJ 07102

Norman Gross
UNITED STATES ATTORNEY'S OFFICE
Camden Federal Building & Courthouse
401 Market Street
Camden, NJ 08101
*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

BIBAS, *Circuit Judge*.

Randal Wise lobs a slew of challenges to his convictions and sentence for possessing child pornography, attempting to entice a minor, and attempting to transfer obscene matter to a minor. All fail. In so ruling, we hold that a smartphone counts as a computer under U.S.S.G. §2G2.2(b)(6).

## I. THE STING

On Grindr (a gay dating and chat app), Wise had the username "Cuddle??" He used the app to reach out to "Steve," a cop posing as a fourteen-year-old boy. Wise sent him two

2

photos of a penis and asked him to come over and have sex. But then "Steve's" account crashed.

The next day, Wise went back onto Grindr and pinged "Sean," another cop posing as an eighth-grade boy. Wise sent "Sean" four photos of a penis and four times asked him to reciprocate. He suggested that "Sean" come to his hotel, but "Sean" demurred.

The day after that, Wise again contacted "Sean" on Grindr. Wise asked if "Sean" wanted to hang out at his place or Wise's. "Sean" suggested his own place. Wise got "Sean's" address, asked him to "[s]end a nude," and followed up with, "U wanted to do sexual stuff?" App. 162. About twenty minutes later, Wise walked over to "Sean's" address, holding an iPhone, and was arrested. His phone contained sexual chats and child pornography of a thirteen-year-old boy.

Wise was charged with possessing and transporting child pornography, attempting to entice a minor online, and attempting to transfer obscene matter to a minor, in violation of 18 U.S.C. §§ 1470, 2422(b), 2252A(a)(1), 2252A(a)(5)(B). The trial court denied his motion to sever these charges. The jury convicted on all counts, and the judge sentenced him to 288 months in prison.

## II. JOINING THE CHARGES AND NOT SEVERING THEM WAS PROPER

On appeal, Wise first claims that his charges should not have been joined, or else that the District Court should have severed them. We review joinder de novo and severance for abuse of discretion. *United States v. Lacerda*, 958 F.3d 196, 224 (3d Cir. 2020); *United States v. Davis*, 397 F.3d 173, 182

3

(3d Cir. 2005). The charges were properly joined because they were "of the same or similar character." Fed. R. Crim. P. 8(a). As the District Court explained in denying the motion, "they all involve the sexual exploitation of minors." App. 55; *accord United States v. Rivera*, 546 F.3d 245, 253–54 (2d Cir. 2008); *United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002).

Nor did the District Court abuse its discretion by denying the motion to sever. Severance is called for only if the defendant can show that joinder would prejudice him. Fed. R. Crim. P. 14. Wise cannot. His crimes were all disturbing in the same way, so there was little risk of spillover prejudice. *See Hersh*, 297 F.3d at 1243. And there is no evidence that joinder prevented the jury from making an independent judgment about his guilt on each charge. *See Davis*, 397 F.3d at 182. The district judge carefully instructed the jury to consider the evidence of each crime separately.

Plus, the charges are connected. The child pornography helped bolster the government's case that Wise intended to have sex with "Sean," who held himself out as a minor. Though Wise protests that he nevertheless believed Sean was an adult, those protests are less compelling when one learns that Wise was interested in sexually explicit photos of children. So the District Court rightly found the child-pornography evidence "directly relevant to Wise's intent in" the child-abuse crimes. App. 58. And its instructions focused the jury on using that evidence only to show knowledge and intent on those charges. The District Court properly tried all four counts together.

4

### III. WISE'S SENTENCE WAS PROPER TOO

Next, Wise raises three sentencing claims. We review the District Court's findings of fact for clear error, its reading of the Guidelines de novo, and its application of the Guidelines for abuse of discretion. *United States v. Seibert*, 971 F.3d 396, 399 (3d Cir. 2020).

Wise objects to his five-level sentencing enhancement for a pattern of "sexual abuse or exploitation of a minor" under U.S.S.G. § 2G2.2(b)(5). The District Court determined that a pattern requires only two instances, including the current crime. The District Court cited commentary to the Sentencing Guidelines for this conclusion. U.S.S.G. § 2G2.2(b)(5) cmt. n.1. Wise does not challenge this legal conclusion on appeal. He says only that the District Court wrongly concluded that he engaged in relevant conduct on two separate occasions. So we need not consider whether the District Court erred in deferring to the commentary to the Guidelines to interpret the word "pattern." *See United States v. Nasir*, 17 F.4th 459, 471 (3d Cir. 2021) (en banc). We take up only the narrower question of whether Wise twice sexually abused a child.

He did. First, Wise was convicted in Indiana of sexual battery of a sixteen-year-old boy. Wise claims that all he did was force the boy's hand onto Wise's penis, but that is sexual abuse. Second, a month before the current crimes, Wise sexted with fifteen-year-old "Young," exchanging naked photos on Grindr, and inviting the boy to copulate with him. Even apart from the current crimes, those two past crimes suffice to support the enhancement. And Wise had advance notice and an opportunity to be heard before the court imposed the enhancement.

5

For the same reasons, the District Court properly applied another five-level enhancement for repeated sex crimes against minors under U.S.S.G. §4B1.5(b)(1). Though the two enhancements are based on the same facts, "the Guidelines permit the simultaneous application of both enhancements." *Seibert*, 971 F.3d at 401.

Wise's last sentencing claim is that he does not deserve a two-level enhancement for using a computer in the crime under U.S.S.G. §2G2.2(b)(6) because he used an iPhone. Whether an iPhone is a computer under §2G2.2(b)(6) is a question of first impression in this Circuit. To resolve this question, we start with text of the Guideline itself. We look to the commentary only in limited circumstances. To do so, we must first ask "whether [the] Guideline provision is genuinely ambiguous by carefully consider[ing] the [Guideline's] text, structure, history, and purpose." *United States v. Mercado*, 81 F.4th 352, 356 (3d Cir. 2023). If the Guideline is unambiguous, that ends the inquiry "and we simply disregard the commentary." *Id.*

Here, the text is unambiguous. The Guideline reads: "If the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material, increase by 2 levels." §2G2.2(b)(6). To decide if an iPhone counts as a computer under this Guideline, we start with dictionaries. The word "computer" means "a programmable usu[ally] electronic device that can store, retrieve, and process data." *Computer*, *Merriam-Webster's Collegiate Dictionary* (11th ed. 2003). More specifically, it is "[a]n electronic device … which is used to store, manipulate, and communicate information, perform complex calculations, or control or regulate

6

other devices or machines." *Computer*, *Oxford English Dictionary* (3d ed. 2025). Computers are "capable of receiving information (data) and of processing it in accordance with variable procedural instructions (programs or software)." *Id.* And they are often used "in the home or workplace … for handling text, images, music, and video, accessing and using the internet, communicating with other people (e.g. by means of email), and playing games." *Id.*

The dictionary definitions of "computer" unambiguously include smartphones: Smartphones store and communicate information and host software in the form of apps, and people frequently use them to access the internet. These definitions are enough to solve this puzzle. And they are consistent with common sense. "The term 'cell phone' is itself misleading shorthand; many of these devices are in fact minicomputers that also happen to have the capacity to be used as a telephone." *Riley v. California*, 573 U.S. 373, 393 (2014). If we needed to look further, a smartphone also fits the evident purpose of the Guideline. Media stored digitally is easier to store and distribute. So the Guideline increases the penalty for having or distributing media involving the sexual exploitation of a minor in digital format.

We thus hold that smartphones trigger the computer enhancement. Two other circuits have gone further, holding that even basic cellphones count. *See United States v. Kramer*, 631 F.3d 900, 902–04 (8th Cir. 2011); *United States v. Mathis*, 767 F.3d 1264, 1283 (11th Cir. 2014) (adopting *Kramer*'s reasoning), *abrogated on other grounds by Lockhart v. United States*, 577 U.S. 347 (2016). Because Wise's phone was an iPhone, we need not decide whether to go so far.

7

Finally, Wise argues that his trial lawyer was ineffective. But courts ordinarily await collateral review before adjudicating such claims, when parties can further develop the factual record. 28 U.S.C. § 2255; *United States v. Senke*, 986 F.3d 300, 315 (3d Cir. 2021). We will thus do that and affirm.