**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3292
_____

UNITED STATES OF AMERICA

v.

SEMAJ A. GILMORE,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:21-cr-00680-001)
District Judge: Honorable Renée M. Bumb
_____

Submitted under Third Circuit LAR 34.1(a)
December 8, 2025
_____

Before: KRAUSE, PHIPPS, and CHUNG, *Circuit Judges*

(Filed: December 9, 2025)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Semaj Gilmore challenges his conviction and sentence for the sexual exploitation of children, in violation of 18 U.S.C. § 1591(a)(1), arguing that the District Court erred by (1) refusing to disqualify Special Assistant United States Attorney (SAUSA) Katelyn Waegener, who previously worked for the same private law firm as Gilmore's defense counsel, and (2) applying the wrong base offense level under the U.S. Sentencing Guidelines. Neither argument has merit, so we will affirm.

## I. DISCUSSION[1]

### A. Disqualification of Special Assistant United States Attorney

After initially ordering the removal of SAUSA Waegener from the Government's prosecution team at Gilmore's request, the District Court later reversed course and granted the Government's motion for reconsideration. Gilmore now asks us to vacate his conviction and sentence because SAUSA Waegener's participation in his criminal proceedings purportedly "created an actual and apparent conflict of interest that violated Gilmore's right to due process under the Fifth Amendment." Appellant's Corrected Br. 12-13. We are not persuaded.[2]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2] As a threshold matter, the Government argues that this claim is either (1) "waived on account of Gilmore's guilty plea," or, if not waived, (2) subject to plain error review because he did not "advance the specific legal theory in the district court that [he] later relies on in the appeal." Answering Br. 15-17. We have no need to resolve either of these issues, however, because assuming the claim was preserved and is squarely presented, it fails on the merits.

2

In explaining that it was "very satisfied" based on the oral and written record that there was "no reason . . . why [SAUSA] Waegener shouldn't be permitted to serve . . . in the prosecution of this case," App. 142, the District Court "appropriately balance[d] proper considerations of judicial administration against the United States' right to prosecute the matter through counsel of its choice," *United States v. Whittaker*, 268 F.3d 185, 193-94 (3d Cir. 2001).

The record reflects that SAUSA Waegener was employed at the former firm of Gilmore's defense counsel "from November of 2017 until September of 2018," App. 139; that she and defense counsel "were [then] in the same office, but [she] primarily worked on matters" for another attorney at the firm and did not work on any matters or appear in court with defense counsel, App. 140; and that she was not detailed to the U.S. Attorney's Office for the District of New Jersey until June 2022 and was not assigned to Gilmore's case until January 2023. For his part, defense counsel declined to pose any questions to SAUSA Waegener and confirmed that her "testimony [was] truthful" and that the two "really had no contact other than seeing each other in the office." App. 141.

This factual scenario is far from the "[i]nstances in which the courts have found it necessary to disqualify a particular United States Attorney," which are "rare." *United States v. Zagami*, 374 F. App'x 295, 297 (3d Cir. 2010) (citing as examples the "limited circumstances" where an "appointed prosecutor also represented another party," "bona fide allegations of bad faith performance of official duties by government counsel in a civil case," and a "prosecutor who will act as a witness at trial" (citation modified)); *id.* at

3

297-98 (declining to disqualify an AUSA who "prosecuted [the defendant] for a prior, unrelated offense").

So under these circumstances, we can easily conclude that the District Court made a "reasoned determination on the basis of a fully prepared record" and its decision to permit SAUSA Waegener to remain on the Government's prosecution team thus was neither "arbitrary" nor an abuse of discretion. *United States v. Lingala*, 91 F.4th 685, 693-94 (3d Cir. 2024) (citation modified); *see Whittaker*, 268 F.3d at 194; *United States v. Shah*, 43 F.4th 356, 362 (3d Cir. 2022).[3]

**B.    Application of the U.S. Sentencing Guidelines**

Gilmore also challenges the District Court's decision to apply U.S.S.G. § 2G1.3(a)(2) in calculating his base offense level of 30. More specifically, he contends that § 2G1.3(a)(2) requires "convict[ion] under" 18 U.S.C. § 1591(a)'s penalty provision—18 U.S.C. § 1591(b)(2)—but the Superseding Indictment charged him with only the substantive offense and did not reference the penalty provision. Gilmore therefore maintains that the "proper base offense level should have been 24 under

---

[3] The cases on which Gilmore relies are inapposite. In *United States v. Voigt*, for instance, a case brought under the Sixth Amendment, we upheld the disqualification of an attorney who *the defendant* sought to add to his legal team because that attorney represented a co-conspirator during the grand jury investigation and there was a possibility that the co-conspirator would be subjected to cross-examination by his former attorney. 89 F.3d 1050, 1071-78 (3d Cir. 1996). And in *United States v. Heldt*, the D.C. Circuit *rejected* the defendant's due process challenge, which attempted to remove two prosecutors in his criminal case who were involved in a civil lawsuit because of their participation in a related search and seizure. 668 F.2d 1238, 1275, 1277-78 (D.C. Cir. 1981). Neither case props up Gilmore's unconvincing argument.

U.S.S.G. § 2G1.3(a)(4), which applies to 'other' convictions not explicitly referenced." Appellant's Corrected Br. 27.[4]

Not so. As a result of his decision to plead guilty to violating § 1591(a)(1), Gilmore was subject to the default mandatory minimum ten-year term of imprisonment under § 1591(b)(2). That punishment provision, which is expressly cross-referenced in the text of § 1591(a)(1), does not add any elements to the offense and, thus, requires no additional notice to Gilmore. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013); *United States v. Freeman*, 763 F.3d 322, 335-36 (3d Cir. 2014). Even so, Gilmore had notice of the applicability of § 1591(b)(2)'s mandatory minimum term of imprisonment, as evidenced by both his plea agreement and his plea colloquy. *See* Supp. App. 2; App. 40, 51, 160.

Plus, as his counsel acknowledged before the District Court, his argument runs headfirst into *United States v. Sims*, where we concluded that the defendant—who was convicted of conspiracy to commit sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1594(c)—was subject to the 34-point base offense level under U.S.S.G. § 2G1.3(a)(1) even though he was not actually convicted under the penalty provision in § 1591(b)(1). 957 F.3d 362, 364-65 (3d Cir. 2020). We explained that § 1591(b) "is not a standalone offense; rather, it's the punishment for violating

---

[4] "We review the District Court's findings of fact for clear error, its reading of the Guidelines de novo, and its application of the Guidelines for abuse of discretion." *United States v. Wise*, 134 F.4th 745, 748 (3d Cir. 2025).

§ 1591(a)," *id.* at 365, such that the substantive offense and the punishment provision are "inextricably linked," *id.* at 365 n.2.

The same is true here. Applying *Sims*, Gilmore pleaded guilty to the substantive offense under § 1591(a), so the cross-referenced penalty provision in § 1591(b)(2) and, thus, the base offense level in § 2G1.3(a)(2), apply. *Sims*, 957 F.3d at 365 & n.2. In reaching this conclusion, the District Court adequately explained the basis for its decision, including the import of *Sims*. Accordingly, Gilmore's challenge to the District Court's application of the Guidelines is without merit and because Gilmore has not succeeded in having us vacate his conviction or sentence, we need not address his request to have his case reassigned to a different district judge on remand.[5]

## II.    CONCLUSION

For the foregoing reasons, we will affirm.

---

[5] In a few stray places, Gilmore appears to cursorily attack his 260-month sentence as substantively unreasonable. Such "casual mention of an issue," however, is generally "insufficient to preserve the issue on appeal." *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). And in any event, Gilmore's sentence—which was 64 months below the advisory Guideline range—was not beyond the discretion of the District Court because "we are convinced that the final sentence . . . was premised upon appropriate and judicious consideration of the relevant factors in light of the circumstances of the case." *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007) (citation modified).