**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1145

UNITED STATES OF AMERICA

v.

LEKESHA HILL,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cr-00371-001)
U.S. District Judge: Honorable Joshua D. Wolson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 2, 2026
_____

Before: SHWARTZ, BIBAS, and PHIPPS, <u>Circuit Judges</u>.

(Filed: March 5, 2026)

_____

OPINION[*]

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Lekesha Hill appeals her sentence and restitution order. Because the District Court did not err in applying two Sentencing Guidelines enhancements or in ordering restitution, we will affirm.

I

Hill, a bookkeeper, was charged with six counts of wire fraud in violation of 18 U.S.C. § 1343 in connection with a scheme to embezzle funds from her employer. As part of this scheme, Hill used business credit cards for personal purchases and opened a PayPal account in the name of a fake business to divert her employer's funds to her personal use.

Hill pleaded guilty without a plea agreement. During the plea proceeding, the District Court reviewed the penalties Hill faced, and Hill acknowledged, among other things, that the Court was "authorized . . . to order restitution of $359,383.65." App. 50.

After Hill entered her plea but before her sentencing, Pretrial Services and Probation learned that Hill violated the condition of her release prohibiting her from doing accounting and bookkeeping work. The petition alleged, and Hill conceded, that she engaged in such employment, submitted false documents to Pretrial Services and Probation to conceal it, and traveled to Georgia to attend a financial conference after stating that the trip was to visit her mother.[1] This conduct had two consequences. First,

_____

[1] Hill did not dispute that she violated the conditions of her release.

2

her bail was revoked.  Second, the Government and Probation recommended a two-level enhancement to Hill's offense level for obstruction of justice under U.S.S.G. § 3C1.1.[2]

Separately, following its review of the presentence report, the District Court sua sponte ordered the parties to address at sentencing whether it should also apply the sophisticated-means enhancement under U.S.S.G. § 2B1.1(b)(10)(C).  At sentencing, the Government argued that the enhancement applied, and Hill argued it did not.

The District Court applied both the obstruction and sophisticated-means enhancements to Hill's offense level and imposed a within-Guidelines-range sentence of sixty-three months' imprisonment and three years' supervised release.  The Court also ordered Hill to pay $359,383.65 in restitution, which included $309,383.65 to her former employer and $50,000 to Liberty Mutual Insurance Company for its payment to the victim related to Hill's conduct.

Hill appeals.

II[3]

A

---

[2] Hill did not object to the presentence report.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.  Because Hill did not preserve any of her arguments, we review each for plain error.  United States v. Dorsey, 105 F.4th 526, 528 (3d Cir.), cert. denied, 145 S. Ct. 457 (2024).  To prevail under the plain-error framework, an appellant must show (1) an error (2) that is plain and (3) that has affected her substantial rights.  Id. (citing United States v. Olano, 507 U.S. 725, 732-33 (1993)).  We may exercise our discretion to correct such an error if it seriously affects the fairness, integrity, or reputation of judicial proceedings.  Id.

The District Court did not err by applying the obstruction enhancement. A defendant's offense level may be increased by two levels when: "(1) the defendant willfully obstructed . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct." U.S.S.G. § 3C1.1. The Government must prove these elements by a preponderance of the evidence, United States v. Soto, 122 F.4th 503, 508 (3d Cir. 2024), cert. denied, 145 S. Ct. 1456 (2025), and the sentencing court may accept any undisputed portion of a presentence report as a finding of fact that can be used to support them, id.; Fed. R. Crim. P. 32(i)(3)(A).

Obstructive conduct includes "providing materially[4] false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1, cmt. n.4(H).[5] Hill did not dispute at either her bail revocation hearing or sentencing that she provided false employment and bank records to Pretrial Services and Probation concealing that she was operating her own accounting and bookkeeping business. Because "[a] statement to a probation officer concerning one's financial resources will obviously affect the officer's determination of ability to pay" a fine or

---

[4] Material means "information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, cmt. n.6.

[5] Because no party objects to reliance on the Sentencing Guidelines commentary, we need not evaluate it under United States v. Nasir, 17 F.4th 459, 470-71 (3d Cir. 2021) (en banc). See United States v. Wise, 134 F.4th 745, 748 (3d Cir. 2025).

restitution, United States v. Cusumano, 943 F.2d 305, 316 (3d Cir. 1991), Hill's submission of these false documents was material and obstructive.[6]

Further, Hill's conduct was willful.  She intended to mislead Pretrial Services and Probation about the source of her income.  Hill claimed that she struggled to find a job, but this does not excuse her purposeful efforts to lie about her employment and the resulting deception about her financial situation, which, in turn, obstructed the process of gathering accurate information for sentencing.  Soto, 122 F.4th at 509-10.

Thus, the District Court properly enhanced Hill's offense level for obstruction.[7]

B

Hill challenges the District Court's decision to sua sponte consider the sophisticated-means enhancement, but makes no argument as to whether it would otherwise apply.  Because the District Court notified the parties two months before sentencing that they should be prepared to address the enhancement and heard argument on the issue before imposing the sentence, it did not violate the party-presentation or separation-of-powers principles.  Cf. United States v. Payo, 135 F.4th 99, 106 (3d Cir. 2025)[8] ("[A] sentencing court [does not] abuse[] its discretion . . . by affording a party

---

[6] Because there is a nexus between Hill's obstructive conduct and her ability to pay a fine or restitution arising from her wire fraud, it is "related to" her offense of conviction for purposes of U.S.S.G. § 3C1.1(2)(A).

[7] Because the District Court properly applied the obstruction enhancement, it did not err in withholding the acceptance-of-responsibility reduction.  U.S.S.G. § 3E1.1, cmt. n.4 ("Conduct resulting in an [obstruction enhancement] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.").

[8] Hill's reliance on Payo is misplaced.  There, the Government did not argue before sentencing that the defendant's robbery conviction qualified as a crime of violence.  The district court excused that forfeiture and "mined our cases for a generic

5

additional opportunities to build the record before sentencing." (emphasis omitted));

United States v. Mackins, 218 F.3d 263, 269 (3d Cir. 2000) (concluding court did not err in raising enhancement sua sponte because "the parties had been notified and been given an opportunity to brief the issue prior to sentencing"). Thus, it acted within its discretion to consider the enhancement.

C

The District Court also did not err by ordering restitution in the amount set forth in the presentence report. The Mandatory Victims Restitution Act of 1996 requires a sentencing court to "order restitution to each victim in the full amount of each victim's losses as determined by the court . . . ." 18 U.S.C. § 3664(f)(1)(A); accord United States v. Cammarata, 145 F.4th 345, 377 (3d Cir. 2025). Sentencing courts may accept any undisputed portion of a presentence report as a finding of fact. Soto, 122 F.4th at 508; Fed. R. Crim. P. 32(i)(3)(A). Before the District Court, Hill neither disputed the presentence report's restitution figure of $359,383.65 nor challenged the Government's basis for that amount. This is unsurprising as she acknowledged the same figure during her plea. Although she challenges it now, we cannot say the Court erred in relying on the figure in the presentence report when Hill failed to provide any reason to question it, and the Court reviewed the Government's detailed and then-unchallenged list of illegal

definition of robbery that the Government did not provide and concluded that subsection (iv) was a categorical match based on arguments the Government never made." 135 F.4th at 107-08. This violated the party-presentation and separation-of-powers principles because, unlike here, the court did not provide the parties notice before sentencing. Id. at 107.

6

payments that personally benefitted Hill.  Thus, the Court properly ordered $359,383.65 in restitution, including $50,000 to Liberty Mutual.  See United States v. Lessner, 498 F.3d 185, 202-03 (3d Cir. 2007) (determining that "no error, much less plain error, was committed by failing to make findings on the record" regarding the defendant's assets when she did not contest the presentence report's findings that she was capable of making a lump sum restitution payment given her real estate holdings).

III

For the foregoing reasons, we will affirm.